L6NCminP

1   UNITED STATES DISTRICT COURT
    SOUTHERN DISTRICT OF NEW YORK
2   ------------------------------x

3   UNITED STATES OF AMERICA,

4               v.                          19 CR 833 (SHS)
                                            Telephone Conference
5   JOSEPH MINETTO,

6               Defendant.

7   ------------------------------x

8                                           New York, N.Y.
                                            June 23, 2021
9                                           5:30 p.m.

10  Before:

11                  HON. SIDNEY H. STEIN,

12                                      District Judge

13

                          APPEARANCES
14
    AUDREY STRAUSS,
15       Acting United States Attorney for the
         Southern District of New York
16  BY:  ROBERT SOBELMAN
         KIERSTEN FLETCHER
17       Assistant United States Attorney

18  LAW OFFICE OF MICHAEL H. SPORN, ESQ.
         Attorney for Defendant
19

20

21

22

23

24

25

L6NCminP

| | |
|---|---|
| 1 | (The Court and all parties appearing telephonically) |
| 2 | (Case called) |
| 3 | MR. SOBELMAN:  Robert Sobelman for the United States. |
| 4 | Good evening, your Honor. |
| 5 | THE COURT:  Good evening, sir. |
| 6 | MR. SPORN:  Good afternoon, your Honor.  Michael Sporn |
| 7 | for Joseph Minetto. |
| 8 | THE COURT:  Good afternoon.  Mr. Minetto, can you see |
| 9 | and hear me, sir?  You're muted, sir.  Your microphone is |
| 10 | muted. |
| 11 | THE DEFENDANT:  I apologize.  I can see you and hear |
| 12 | you, sir. |
| 13 | THE COURT:  I have a form in front of me, Mr. Minetto, |
| 14 | it says waiver of right to be present at criminal proceeding. |
| 15 | It looks as if Mr. Sporn has electronically affixed his |
| 16 | signature on your behalf to that form on June 18th. |
| 17 | Do you recall discussing that form with him and |
| 18 | authorizing him to affix your signature to it? |
| 19 | THE DEFENDANT:  Yes, your Honor. |
| 20 | THE COURT:  Are you aware, sir, that you've been |
| 21 | charged with violations of federal law? |
| 22 | THE DEFENDANT:  Yes, your Honor. |
| 23 | THE COURT:  Have you decided to enter a plea of guilty |
| 24 | to certain of those charges? |
| 25 | THE DEFENDANT:  Yes, your Honor. |

L6NCminP

1            THE COURT:  Do you understand you have a right to

2   appear before me physically in a courtroom, sir, while you're

3   entering a plea of guilty?

4            THE DEFENDANT:  Yes, your Honor.

5            THE COURT:  Do you also understand that you have the

6   right to have your attorney sitting next to you or standing

7   next to you while I allocute you in connection with that plea

8   of guilty, physically in the courtroom?

9            THE DEFENDANT:  Yes, your Honor.

10            THE COURT:  Do you also understand that the public

11   health emergency created by the COVID-19 pandemic has

12   restricted everyone's ability to be in the courthouse, although

13   I'm there now.

14            Do you understand that?

15            THE DEFENDANT:  Yes, your Honor.

16            THE COURT:  Now, I understand that you are giving up

17   your right to appear physically in person before me when you

18   enter a plea of guilty; is that correct?

19            THE DEFENDANT:  Yes, your Honor.

20            THE COURT:  You have the right to have Mr. Sporn,

21   although you're not physically before me, you can speak with

22   Mr. Sporn on a confidential basis.  My deputy can set up a

23   virtual room for you to talk with him privately.  So, if you

24   want to talk to him or if he wants to talk to you privately,

25   just indicate that and we'll set up a virtual private room.

L6NCminP

| | |
|---|---|
| 1 | Do you understand that, sir? |
| 2 | THE DEFENDANT:  Yes, I do understand. |
| 3 | THE COURT:  Do you wish to proceed now rather than |
| 4 | wait until you're in the courthouse? |
| 5 | THE DEFENDANT:  I do, your Honor. |
| 6 | THE COURT:  I do make the finding that this plea |
| 7 | cannot be further delayed without serious harm to the interest |
| 8 | of justice. |
| 9 | Ms. Blakely, if would you administer the oath to |
| 10 | Mr. Minetto. |
| 11 | (Defendant sworn) |
| 12 | THE COURT:  You may take your hand down, sir. |
| 13 | Is that a virtual background in back of you or is that |
| 14 | the actual background where you are, sir? |
| 15 | THE DEFENDANT:  That is the actual background. |
| 16 | THE COURT:  Very nice.  Trees, and it doesn't look |
| 17 | like New York City. |
| 18 | THE DEFENDANT:  No. |
| 19 | THE COURT:  Do you understand, Mr. Minetto, that you |
| 20 | are now under oath and if you answer any of my questions |
| 21 | falsely, your false or untrue answers may be later be used |
| 22 | against you in another prosecution for perjury or for making a |
| 23 | false statement? |
| 24 | THE DEFENDANT:  Yes, your Honor. |
| 25 | THE COURT:  What's your full name, sir? |

L6NCminP

1              THE DEFENDANT:  Joseph Mitchell Minetto.

2              THE COURT:  How old are you?

3              THE DEFENDANT:  I'm 34 years old.

4              THE COURT:  How far did you go in school?

5              THE DEFENDANT:  I graduated, bachelor's degree from

6      SUNY Buffalo.

7              THE COURT:  Is that a wind chime or somebody's phone?

8              THE DEFENDANT:  That's my wind chime.  I'm sorry, my

9      kids are up inside, so this is the only safe haven I have.  I

10     apologize.

11             THE COURT:  That's okay.  As long as it's just the

12     wind chime.

13             Are you able to write, speak, and understand English?

14             THE DEFENDANT:  I can, yes.

15             THE COURT:  You say you can.  I take it English is

16     your native language?

17             THE DEFENDANT:  It is, sir.

18             THE COURT:  Are you now or have you recently been

19     under the care of a doctor or a psychiatrist?

20             THE DEFENDANT:  No.

21             THE COURT:  Have you ever been treated or hospitalized

22     for any mental illness or any type of addiction, including drug

23     or alcohol addiction?

24             THE DEFENDANT:  I have, your Honor.

25             THE COURT:  What is that?

L6NCminP

1          THE DEFENDANT:  Drug and alcohol addiction.

2          THE COURT:  When?

3          THE DEFENDANT:  Last June was six and a half years

4    ago, your Honor.

5          THE COURT:  Was it inpatient?

6          THE DEFENDANT:  I did do inpatient, yes.

7          THE COURT:  How long was it?

8          THE DEFENDANT:  21 days, in addition to a three-day

9    detox.  So about 24 days in total.

10          THE COURT:  I take it you successfully completed that

11   program?

12          THE DEFENDANT:  I did, your Honor.

13          THE COURT:  In the past 24 hours, Mr. Minetto, have

14   you taken any drugs, medicine, pills, or consumed any alcohol?

15          THE DEFENDANT:  I have not, your Honor.

16          THE COURT:  Is your mind clear today?

17          THE DEFENDANT:  It is, your Honor.

18          THE COURT:  Are you feeling all right today?

19          THE DEFENDANT:  I am, your Honor.

20          THE COURT:  Do you have an attorney?

21          THE DEFENDANT:  I do, your Honor.

22          THE COURT:  Who is that?

23          THE DEFENDANT:  Attorney Michael Sporn.

24          THE COURT:  Mr. Sporn, do you have any doubt as to

25   Mr. Minetto's competence to plead at this time?

L6NCminP

1          MR. SPORN:  No, Judge.

2          THE COURT:  Mr. Minetto, is it true that you wish to

3    enter a plea of guilty today, sir?

4          THE DEFENDANT:  It is, your Honor.

5          THE COURT:  Have you had a full opportunity to discuss

6    your case with Mr. Sporn and discuss the consequences of

7    entering a plea of guilt?

8          THE DEFENDANT:  I have, your Honor.

9          THE COURT:  Are you fully satisfied with Mr. Sporn and

10   his representation of you?

11         THE DEFENDANT:  I am, your Honor.

12         THE COURT:  On the basis of Mr. Minetto's responses to

13   my questions and my observations of his demeanor, I find that

14   he is fully competent to enter an informed plea at this time.

15         Before I accept the plea from you, Mr. Minetto, I'm

16   going to be asking you certain question which are intended to

17   satisfy me that you wish to plead guilty because you are guilty

18   and that you fully understand the consequences of entering a

19   plea of guilt.

20         I'm going to be describing to you certain rights you

21   have under the Constitution and laws of the United States;

22   you're going to be giving up those rights if you enter a plea

23   of guilty.  I need you to listen to me carefully, and if you do

24   not understand anything I'm saying or describing, I want you to

25   stop me, sir, and either I or Mr. Sporn will explain it more

L6NCminP

1    fully.

2              Do you understand that?

3              THE DEFENDANT:  I do, your Honor.

4              THE COURT:  Under the Constitution and laws of the

5    United States, sir, you have a right to a speedy and public

6    trial by a jury on the charges against you, which are contained

7    in an indictment in 19CR833, United States v. Joseph Minetto.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  If there were a trial, you would be

11   presumed innocent and the government would be required to prove

12   you guilty by competent evidence and beyond a reasonable doubt.

13   You would not have to prove you were innocent at a trial.

14             Do you understand that?

15             THE DEFENDANT:  I do, your Honor.

16             THE COURT:  If there were a trial, a jury composed of

17   12 people selected from this district would have to agree

18   unanimously, sir, that you were guilty beyond a reasonable

19   doubt.

20             Do you understand that?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  You have a right to be represented by an

23   attorney at trial, and not only at trial, sir, but at every

24   other stage of the proceedings.  If you could not afford an

25   attorney, one would be given to you at no cost to you.

L6NCminP

1       Do you understand that?

2       THE DEFENDANT:  Yes, your Honor.

3       THE COURT:  If there were a trial, you would have a

4  right to see and hear all of the witnesses against you, and you

5  and your attorney could cross examine them.  You would have a

6  right to have your attorney object to the government's evidence

7  and offer evidence on your own behalf if you so desired.  You

8  would have the right to have subpoenas issued or other

9  compulsory process used to compel witnesses to testify in your

10 defense.

11      Do you understand those rights?

12      THE DEFENDANT:  I do, your Honor.

13      THE COURT:  If there were a trial, you would have the

14 right to testify if you wanted to, but no one could force you

15 to testify if you did not want to, sir.  In addition, no

16 inference or suggestion of guilt could be drawn if you chose

17 not to testify at trial.

18      Do you understand those rights?

19      THE DEFENDANT:  Yes, your Honor.

20      THE COURT:  Do you understand that by entering a plea

21 of guilty today, you're giving up each and every one of the

22 rights I've described, you're waiving them and that you will

23 have no trial?

24      THE DEFENDANT:  Correct, your Honor.

25      THE COURT:  Do you understand you have the right to

L6NCminP

1    change your mind right now, Mr. Minetto, you can refuse to

2    enter a plea of guilty and you do not have to enter this plea

3    of guilty if you do not want to for any reason whatsoever.

4              Do you understand that?

5              THE DEFENDANT:  Yes, your Honor.

6              THE COURT:  Have you received a copy of the indictment

7    in this case?

8              THE DEFENDANT:  I have, your Honor.

9              THE COURT:  Did you read it?

10             THE DEFENDANT:  I have, yes.

11             THE COURT:  Did you discuss it with Mr. Sporn?

12             THE DEFENDANT:  Yes, we have.

13             THE COURT:  Did he answer all of your questions about

14   it?

15             THE DEFENDANT:  Yes, absolutely.

16             THE COURT:  You have the right to have me read this to

17   you now, but if you don't want me to read it, I won't.  What's

18   your pleasure?

19             THE DEFENDANT:  I waive that reading.

20             THE COURT:  I accept that as a knowing and voluntary

21   waiver.

22             Do you understand, sir, that you are charged in

23   count 1 of that indictment with participating in a conspiracy

24   to commit wire fraud in connection with the conduct of

25   telemarketing in violation of 18, United States Code, Section

L6NCminP

1349 and 2326?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Do you understand that if you did not plead guilty, the government would have to prove each and every part or element of the charge in that indictment against you beyond a reasonable doubt at a trial?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Mr. Sobelman, set forth the elements.

MR. SOBELMAN:  Count 1 has two elements.  First, two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud as set forth in 18 U.S.C. 1343; second, the defendant knew the unlawful purpose of the plan and willfully joined in it.

The object of the conspiracy is wire fraud under 18 U.S.C. 1343, which, in turn, has three elements, and there are two additional elements under the telemarketing enhancement. First, the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations, or promises, or willfully participated in such a scheme with knowledge of its fraudulent nature; second, that the defendant acted with the intent to defraud; third, that the defendant, in advancing, furthering, or carrying out the scheme, transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce or caused the transmission of any writing, signal, or sound of

L6NCminP

1    some kind by means of a wire, radio, or television

2    communication in interstate commerce.

3           In addition here, the telemarketing fraud provision,

4    the foregoing has to have been in connection with the conduct

5    of telemarketing and the offense had to have either victimized

6    either ten or more persons over the age of 55 or targeted

7    persons over the age of 55.

8           In addition to the foregoing elements, the government

9    would also have to prove at trial by a preponderance of the

10   evidence that venue is proper here in the Southern District of

11   New York, which, in this case, would mean that at least one

12   member of the conspiracy took an act in furtherance of the

13   conspiracy within this district.

14          THE COURT:  Mr. Minetto, do you understand those are

15   the elements that the government would have to prove beyond a

16   reasonable doubt, except for the venue requirement, which just

17   has to be proven by the government by a preponderance of the

18   evidence?

19          Do you understand that?

20          THE DEFENDANT:  I do understand, your Honor.

21          THE COURT:  Do you understand that the maximum

22   possible penalty of count 1 is 30 years in prison, supervised

23   release of five years, maximum fine of the greatest of $250,000

24   or twice the gross pecuniary gain derived from the offense, or

25   twice the gross pecuniary loss to individuals other than you

L6NCminP

resulting from the offense, plus a $100 mandatory special

assessment?

Do you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  Now, I told you that part of that maximum

penalty was a maximum term of supervised release of five years.

That means that you're going to be subject to monitoring by the

authorities upon your release from prison and that monitoring

is to be under terms and conditions that could lead to your

reimprisonment without a jury trial for all or part of the term

of supervised release and without credit for time previously

served on post-release supervision if you violate any term or

condition of supervised release.

Do you understand that?

THE DEFENDANT:  I understand, your Honor.

THE COURT:  Do you also understand that I have the

authority and actually the requirement to order restitution to

anyone injured as a result of your criminal conduct?

Do you understand that?

THE DEFENDANT:  I do, your Honor.

THE COURT:  Do you understand that if I accept your

guilty plead today, sir, and determine you to be guilty, that

determination will deprive you of such valuable civil rights,

such as the right to vote, the right to hold public office, the

right to serve on a jury, the right to possess any kind of a

L6NCminP

1    firearm?

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Mr. Sporn, I assume your client is a

4    United States citizen; is that correct?

5              MR. SPORN:  He is a citizen, yes, your Honor.

6              THE COURT:  Mr. Minetto, there are sentencing

7    guidelines that judges must utilize in applying factors set

8    forth in 18, United States Code, Section 3553(a) in determining

9    what an appropriate sentence is in your case.

10             Have you talked to Mr. Sporn about the sentencing

11   guidelines?

12             THE DEFENDANT:  I have, your Honor.

13             THE COURT:  Did he answer your questions, if any,

14   about the sentencing guidelines?

15             THE DEFENDANT:  He did, your Honor.

16             THE COURT:  Do you understand that I won't be able to

17   determine what the relevant guideline range is until after I

18   receive a presentence report from the probation office, and you

19   and the government and Mr. Sporn have all had an opportunity to

20   read it and file objections with me?

21             THE DEFENDANT:  Yes, your Honor.

22             THE COURT:  Even after I determine what the guideline

23   range is, I still have to determine whether it's appropriate

24   for me to impose a sentence that is higher than the guidelines

25   or, for that matter, impose a sentence that is lower than the

L6NCminP

1     guidelines all based on a departure from the guidelines.

2                Do you understand that?

3                THE DEFENDANT:  I do, your Honor.

4                THE COURT:  Even after I do that, that is determine

5     what the guideline range is, I then determine whether there are

6     grounds for me to either depart either upward or downward from

7     the guideline range.  Even then, after that, I still have to

8     apply all of the factors in 18, United States Code, Section

9     3553(a) to determine what a reasonable, fair, and appropriate

10    sentence is for you.

11               Do you understand that?

12               THE DEFENDANT:  Yes, your Honor.

13               THE COURT:  Do you also understand, sir, that when

14    you're sentenced to prison, the system of parole that used to

15    exist here has been abolished, you won't be released any

16    earlier from a prison sentence on parole, you'll serve that

17    whole term in prison?

18               Do you understand that?

19               THE DEFENDANT:  Yes, your Honor.

20               THE COURT:  Do you understand that if anyone has told

21    you that they know what I'm going to sentence you to or they

22    have an expectation or prediction, or even if you, yourself,

23    think you know what you're going to be sentenced to, sir,

24    everybody could be wrong?

25               Do you understand that?

L6NCminP

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  The reason is, I don't know what I'm going

3    to sentence you to.  I'm the one who's going to sentence you

4    and I don't know what I'm going to sentence you to because I

5    don't know enough about you or your crime or your finances or

6    your education or your criminal history or anything about that,

7    so I don't know what I'm going to sentence you to.  If I don't

8    know what I'm going to sentence you to and if I'm the one who's

9    sentencing you, I assure you nobody can know what you're going

10   to be sentenced to.

11          Do you understand that?

12          THE DEFENDANT:  Absolutely, your Honor.

13          THE COURT:  If you receive a sentence from me that's

14   different than anyone has told you or it's going to be

15   different from anything you think it's going to be yourself,

16   you're still going to be bound to your guilty plead today,

17   you're not going to be allowed to withdraw it.

18          Do you understand that?

19          THE DEFENDANT:  I understand, your Honor.

20          THE COURT:  I have a document here, it's dated May 7,

21   it's a letter to Mr. Sporn.  It's signed by –– my guess is its

22   Kiersten Fletcher.  It could be Ms. Fletcher or Ms. Kearney.

23   It doesn't look like Mr. Sobelman's signature.

24          Mr. Sobelman, is that Ms. Fletcher's signature?

25          MR. SOBELMAN:  Yes, your Honor.

L6NCminP

1    THE COURT:  It's signed by Ms. Fletcher.  It's seven
2    pages long.  I'm going to call it the plea agreement.  I'll
3    look on the last page.  It appears to have an electronic
4    signature of Mr. Sporn with your authority.
5    Did you authorize him to sign this on your behalf,
6    sir?
7    THE DEFENDANT:  Yes, your Honor.
8    THE COURT:  Did you read this agreement before you
9    signed it?
10   THE DEFENDANT:  I did, your Honor.
11   THE COURT:  Did you discuss it with Mr. Sporn before
12   you signed it?
13   THE DEFENDANT:  I did, your Honor.
14   THE COURT:  That's all right.  I understand it's a
15   child interrupting.  You want to talk to her?
16   THE DEFENDANT:  Yes.  I apologize.  I'm just going to
17   relocate real quick, because it's too late.  Sorry about that,
18   your Honor.
19   THE COURT:  That's all right.  Do you want to go
20   somewhere else so they can go outside?  It's better for the
21   Court if there is no screaming.
22   THE DEFENDANT:  They're back in.  It's dinnertime
23   anyway.  I apologize.
24   THE COURT:  That's all right.  Corporal punishment was
25   not needed, I hope.

L6NCminP

1           THE DEFENDANT:  No, it was not.

2           THE COURT:  Did you discuss this agreement with

3    Mr. Sporn before you signed it?

4           THE DEFENDANT:  I did, your Honor, yes.

5           THE COURT:  Did he answer any questions you may have

6    had?

7           THE DEFENDANT:  He did, yes.

8           THE COURT:  Mr. Minetto, do you believe you understood

9    this agreement before you signed it?

10          THE DEFENDANT:  I did understand it, your Honor.

11          THE COURT:  Does this letter agreement constitute your

12   complete and total understanding of the entire agreement

13   between the government, Mr. Sporn, and yourself?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Is everything about your plea and sentence

16   contained in this agreement?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Has anything been left out of it?  Are

19   there any side deals I should know about?

20          THE DEFENDANT:  No, your Honor.

21          THE COURT:  Has anyone offered you any inducements or

22   threatened you or forced you to plead guilty or to enter into

23   the plea agreement?

24          THE DEFENDANT:  No, they have not, your Honor.

25          THE COURT:  Do you understand that, in this plea

L6NCminP

1    agreement, you agree to admit the forfeiture allegation in the

2    indictment and you agree to forfeit to the United States

3    $1,140,887.53?

4                THE DEFENDANT:  Yes, your Honor.

5                THE COURT:  Do you understand you're giving up your

6    right to appeal the sentence and you're giving up your right to

7    collaterally attack the sentence if I sentence you to 87 months

8    in prison or fewer months?

9                THE DEFENDANT:  Yes, your Honor.

10               THE COURT:  Do you understand that you're waiving your

11   right to assert the statute of limitations as a defense to the

12   action against you?

13               THE DEFENDANT:  Yes, your Honor.

14               THE COURT:  Mr. Sporn, are you aware of any valid

15   defense that would prevail at trial or of any reason why

16   Mr. Minetto should not be permitted to plead guilty today?

17               MR. SPORN:  No, your Honor.

18               THE COURT:  Is there an adequate factual basis, in

19   your view, Mr. Sporn, to support this plea of guilty?

20               MR. SPORN:  Yes, there is.

21               THE COURT:  Is there an adequate factual basis in the

22   view of the government to support this plea?

23               MR. SOBELMAN:  Yes, your Honor.

24               THE COURT:  All right.  Mr. Minetto, tell me what you

25   did that makes you guilty of count one.

L6NCminP

1              THE DEFENDANT:  Sure.  Sometime between 2012 and 2019,

2      I helped to manage a sales floor in New Jersey where

3      salespeople used a telephone to call potential customers — many

4      of these customers were over the age of 55 and were located in

5      states other than New Jersey or in Manhattan — to try to sell

6      them business opportunity services packaged to enhance the

7      success of their business when, in truth and in fact, these

8      so-called services had little or no value.  I knew that it was

9      wrong and I knew it was illegal to participate with others in

10     the telemarketing scheme to obtain money from people by making

11     what were essentially false or misleading promises.

12             THE COURT:  False and what?

13             THE DEFENDANT:  Misleading promises.

14             THE COURT:  Were there scores of people over the age

15     of 55 that were targets of this?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Your sales floor was in New Jersey.  Did

18     you have contacts with people who you were attempting to sell

19     these so-called business ops to in Manhattan?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  When did you these acts, did you know that

22     what you were doing was wrong and illegal, sir?

23             THE DEFENDANT:  Yes, your Honor.

24             THE COURT:  Mr. Sobelman, is there anything else the

25     government wants on the factual allocation?

L6NCminP

1          MR. SOBELMAN:  No, your Honor.

2          THE COURT:  Mr. Sporn, anything?

3          MR. SPORN:  No, Judge.  Thank you.

4          THE COURT:  Mr. Sobelman, what does the government

5    have here in terms of Mr. Minetto's participation in this vast

6    conspiracy that I've dealt with before that really just took

7    great advantage of elderly people?  What does the government

8    have against him?

9          MR. SOBELMAN:  Your Honor, if the defendant were to

10   proceed to trial, the government would expect that there would

11   be multiple cooperating witnesses who would testify about the

12   defendant's involvement.  We would put on electronic evidence

13   from the defendant's devices and accounts and those of others

14   that detail the defendant's involvement in the scheme.  We

15   would call victims to testify at trial to describe false or

16   misleading promises that were made by the sales floor run by

17   Mr. Minetto, among other evidence, including financial records.

18         THE COURT:  Mr. Minetto, how do you now plead to the

19   charge in count 1 of indictment 19CR833 against you, guilty or

20   not guilty?

21         THE DEFENDANT:  Guilty, your Honor.

22         THE COURT:  Are you pleading guilty because you are

23   guilty?

24         THE DEFENDANT:  Yes, your Honor.

25         THE COURT:  Are you pleading guilty voluntarily and of

L6NCminP

1    your own free will?

2              THE DEFENDANT:  I am, your Honor.

3              THE COURT:  Because you acknowledge you are guilty as

4    charged, because I find you know your rights and are waiving

5    them knowingly and voluntarily, because I find your plea is

6    entered knowingly and voluntarily and is supported by an

7    independent basis and fact containing each of the essential

8    elements of the offense, I accept your plea, sir, of guilt.  I

9    adjudge you guilty of the offense to which you have pled.

10             The probation department is going to prepare a report.

11   Give them accurate information.  They're going to interview

12   you, Mr. Sporn can be there.  I don't know if they're doing

13   those interviews remotely these days, but they'll conduct an

14   interview with you.  I'm going to use that when I try to

15   determine what an appropriate sentence is in your case.

16             Ms. Blakely, can you provide me with a sentencing

17   date.  Let's do it on a date where there are other people in

18   this wide ranging conspiracy who are being sentenced, as well.

19             THE DEPUTY CLERK:  September 23rd.

20             THE COURT:  What time?

21             THE DEPUTY CLERK:  At 11:30 a.m.

22             THE COURT:  All right.  September 23rd, 11:30 a.m.

23   Two weeks in advance, I want the government's submission, if

24   any.  One week in advance, I want the defense submission, if

25   any.

L6NCminP

```
 1              Mr. Sobelman, is there any application in regard to
 2     bail?
 3              MR. SOBELMAN:  No, your Honor.
 4              But, with respect to the submissions, just to be
 5     clear, the defense submits two weeks out, we submit one week
 6     out; is that correct?
 7              THE COURT:  I am sorry.  You are absolutely right.
 8     Thank you for that correction.  It's the defendant that goes
 9     first and then the government.
10              MR. SOBELMAN:  No problem.  There is no application
11     with respect to bail.  There are no additional counts in the
12     indictment as to this defendant.
13              THE COURT:  Mr. Minetto, you're going to be kept out
14     on bail.  I'm not going to remand you.  I don't think that
15     makes any sense.  You are going to have to continue to follow
16     all the conditions of bail that you've been released on up to
17     now.
18              Do you understand that?
19              THE DEFENDANT:  I understand, your Honor.
20              THE COURT:  If you violate any of those conditions,
21     the probation department, pretrial services, I guess, will
22     bring a petition that may result in your remand.  So continue
23     to follow all of the conditions of your release.
24              Understood?
25              THE DEFENDANT:  I understand, your Honor.
```

L6NCminP

1          THE COURT:  I will see you on the date of sentence or

2     any adjourn date that I set.

3          Mr. Sporn, is there anything else I can do for you

4     today?

5          MR. SPORN:  No, Judge.  Thank you.

6          THE COURT:  Mr. Sobelman, anything?

7          MR. SOBELMAN:  No, your Honor.  Thank you.

8          THE COURT:  All right.  Thank you.  The Court is

9     leaving the call.

10                              * * *

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25